UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERNEST BRANIGH, *et al.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. C07-5042FDB

ORDER DENYING MOTION TO AMEND COMPLAINT TO INCREASE DAMAGES

This medical malpractice claim arises out of Decedent Nancy Branigh's bariatric surgery at Madigan Army Medical Center in 2003. Mrs. Branigh died on February 13, 2004. Plaintiff filed administrative claim forms on behalf of himself, Decedent's estate, and Decedent's minor sons, GCB and BDB. The administrative claim on behalf of GCB claimed damages totaling $2,000,000 for the loss of love, companionship, services, and guidance of GCB's mother.

Plaintiffs now bring a motion to Amend the Complaint to increase damages as to GCB to $8,000,000 (reduced to present value $7,388,873), alleging GCB's expected need for supported living in some form of group home for the rest of his life.

**APPLICABLE LAW**

Statutes involving "the Government's consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] ... beyond what the language requires." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). The Federal Tort Claims Act provides as follows:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount os based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). The purpose of this section is "to ensure that federal agencies charged with making an initial attempt to settle tort claims against the United States are given full notice of the

ORDER - 1

government's potential liability." *Low v. United States*, 795 F.2d 466, 471 (5th Cir. 1986). Thus, the FTCA bars damage actions in excess of the amount asserted in the administrative claim except in the following two instances: (1) where the plaintiff proves "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency," or (2) where the plaintiff proves "intervening facts." *Lowry v. United States*, 958 F. Supp. 704, 710 (D. Mass. 1997)(providing extensive analysis of case law interpreting Section 2675(b) in all circuits). The two exceptions are distinct:

> The phrase "newly discovered evidence" would seem to denote evidence which existed at the time the administrative claim was filed but was "not discoverable" at that time. On the other hand, the term "intervening facts" denotes things occurring after the filing of the claim.

*Lowry*, *id.*   Plaintiff bears the burden of showing that he falls within one of these two exceptions. *See Spivey v. United States*, 912 F.2d 80, 85 (4th Cir. 1990).

"When existing medical evidence and advice put the claimant 'on fair notice to guard against the worst-case scenario' in preparing the administrative claim," an attempt to increase the amount of the claim during litigation should be rejected. *Michaels v. United States*, 31 F.3d 686, 688 (8th Cir. 1994), *citing Reilly v. United States*, 863 F.2d 149, 172 (1st Cir. 1988); *see also Low v. United States*, 795 F.2d 466 (5th Cir. 1986). Only if an existing injury "worsen[s] in ways not reasonably discoverable by the claimant and his or her treating physician" should the claimant be allowed to increase the amount of the claim once suit has been filed. *Michaels,* 31 F.3d at 688. The standard is an objective one, which examines not what the claimant expected, but what was reasonably known or discoverable at the time the claim was filed. *Id.* at 689.

> Newly discovered evidence is evidence that materially differs from the worst-case prognosis of which the claimant knew or could reasonably have known when he filed the claim, not evidence that merely bears on the precision of the prognosis. *Zurba v. United States*, 318 F.3d 736, 741 (7th Cir. 2002); *Low v. United States*, 795 F.2d 466, 471 (5th Cir. 1986).

*Calva-Cerqueira v. United States*, 281 F. Supp. 2d 279, 302 (D.D.C. 2003).

ORDER - 2

**DISCUSSION AND CONCLUSION**

Plaintiff's submissions reveal that GCB's "Motor mile stones [sic] came in slowly...." (Fay Report, p.2) "Review of his records indicates that throughout preschool and Kindergarten years, his mother raised concern about his language, motor, and cognitive development.  She was also concerned regarding his issues with attention, irritability, and problems with encopresis." *Id.*  In January 2002 (kindergarten) he was rated average regarding hyperactivity, aggression, anxiety, depression, and was rated "at risk" as to withdrawal, attitude to school, adaptability, and social skills.

In April 2003 (1st Grade), GCB's teacher indicated he was of average intelligence and stated no learning disability, but wrote on the form that he was "developmentally delayed" and was one year behind in all academic areas, and she retained him in First Grade. *Id.* at p. 4.  She indicated that he was "highly motivated," that socialization was normal as he associated with children of his own age. *Id.*

In Fall 2004 (after his mother's death) GCB was reevaluated for special education services, and it was determined that his qualifying category for special education services was Specific Learning Disability." *Id.*  GCB's Intelligence score for Verbal Comprehension was in the 4th percentile, that is, the lowest 4% of his peers, and his Perceptual Organization Index score was in the 34th percentile. *Id.*  GCB's Academic scores were 6th percentile for reading, 3rd percentile for broad math, 1st percentile for math calculation skills, 5th percentile for written expression, 13th percentile for academic fluency, and 6th percentile for academic applications. *Id.*  GCB's Language scores were 5th percentile for oral and composite, 13th percentile for listening comprehension, and 3rd percentile for oral expression composite. *Id.*  Thus, on GCB's report card for his second grade year, he was indicated to be below grade level in all academic areas and that a reading evaluation indicated his skill level was at the beginning of the second grade level.

Although GCB went to summer school before his third grade year, his third grade report card

ORDER - 3

indicated that he was below grade level in all academic areas. (Fay report, p. 4.)

This record reveals that GCB's language, motor, and cognitive development were a concern during preschool and kindergarten years. Moreover, during these early years, GCB was also rated "at risk" for withdrawal, attitude to school, adaptability, and social skills (Fay Report, p. 30) – the very areas where Plaintiffs now describe GCB's decline: GCB became a "loner" with poor social skills, no longer motivated at school, and he no longer completes assignments. (Plaintiff's Reply p. 4.) The problems that GCB is exhibiting now flow from the problems that he had well prior to his Mother's death and from those areas in which he was "at risk." While Dr. Fay's report may have established GCB's abilities with greater precision, there is little change shown. "Diagnoses which are no more than cumulative and confirmatory of earlier diagnoses are neither 'newly discovered' nor 'intervening facts' for the purposes of § 2675(b). *Reilly v. United States*, 863 F.2d 149 at 171. Plaintiff has neither proved "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency," nor "intervening facts." *See Low v. United States*, 795 F.2d 466, 470-71 (5th Cir. 1986) and *Lowry*, 958 F. Supp. at 710. Plaintiff's motion to amend must be denied, for "if the exact nature, extent and duration of each recognized disability must be known before § 2675(b) will be given effect, that section will be rendered useless; and the government will be unable to evaluate any claim made against it without the threat that, if it does not settle, its liability may increase substantially." *Low* at 471; and *see Dickerson v. United States*, 280 F.3d 470, 477 (5th Cir. 2002).

NOW, THEREFORE, IT IS ORDERED: Plaintiff's Motion to Amend the Complaint To Increase Damages [Dkt. # 26] is DENIED.

DATED this 6th day of November, 2007

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4